1  RICHARD E. QUINTILONE II (SBN 200995)
   JEFFREY T. GREEN (SBN 330065)
2  **QUINTILONE & ASSOCIATES**
   22974 EL TORO ROAD, SUITE 100
3  LAKE FOREST, CA 92630
   TELEPHONE: (949) 458-9675
4  FACSIMILE:  (949) 458-9679
   E-MAIL: REQ@QUINTLAW.COM; JTG@QUINTLAW.COM
5  BRIAN S. KABATECK (SBN 152054)
   BSK@KBKLAWYERS.COM
6  JERUSALEM F. BELIGAN (SBN 211258)
   JFB@KBKLAWYERS.COM
7  ANASTASIA K. MAZZELLA (SBN 245201)
   AM@KBKLAWYERS.COM
8  **KABATECK LLP**
   633 WEST FIFTH STREET, SUITE 3200
9  LOS ANGELES, CALIFORNIA 90071
   TEL.: (213) 217-5000
10 Attorneys for Plaintiff KEVIN FLEMING, individually, and on behalf of all other
11 persons similarly situated

12                **UNITED STATES DISTRICT COURT**

13               **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 14 KEVIN FLEMING, individually, and on behalf of all other persons similarly situated, | **Case No.:** |
| 15 | **CLASS ACTION** |
| 16     Plaintiff, | **COLLECTIVE & CLASS ACTION COMPLAINT** |
| 17   vs. | 1. **FAILURE TO PAY WAGES UNDER THE FLSA;** |
| 18 ACADIA HEALTHCARE | 2. **FAILURE TO PAY OVERTIME COMPENSATION;** |
| 19 COMPANY, INC., a Delaware Corporation; CALIFORNIA | 3. **FAILURE TO PAY WAGES FOR ALL HOURS WORKED;** |
| 20 TREATMENT SERVICES, LLC, a California Limited Liability Company; | 4. **FAILURE TO PROVIDE MEAL PERIODS OR PROPER PREMIUMS;** |
| 21 and DOES 1 through 10, inclusive, | 5. **FAILURE TO PROVIDE REST PERIODS OR PROPER PREMIUMS;** |
| 22     Defendants. | 6. **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS;** |
| 23 | 7. **FAILURE TO PAY WAGES DUE AND PAYABLE TWICE MONTHLY;** |
| 24 | 8. **FAILURE TO REIMBURSE BUSINESS EXPENSES;** |
| 25 | 9. **FAILURE TO PAY WAGES UPON TERMINATION; and,** |
| 26 | 10. **UNLAWFUL COMPETITION AND UNLAWFUL BUSINESS PRACTICES** |
| 27 | **DEMAND FOR JURY TRIAL** |
| 28 | |

-1-

CLASS AND COLLECTIVE ACTION COMPLAINT

All allegations in this Collective and Class Action ("Complaint") are based upon information and belief except for those allegations, which pertain to Plaintiff Kevin Fleming ("Plaintiff"). Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary support after discovery. Plaintiff, on behalf of himself and all others similarly situated, complains of Defendants Acadia Healthcare Company, Inc. ("Acadia"), California Treatment Services, LLC ("CTS"), and DOES 1 through 10 (collectively, "Defendants"), and for causes of action in this Complaint alleges:

## I.    <u>INTRODUCTION</u>

1.     This Complaint is brought as a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") and a class action under the <u>Federal Rules of Civil Procedure</u> Rule 23 ("Rule 23"). Plaintiff brings this action on behalf of himself and all non-exempt employees employed by, or formerly employed by, Acadia and CTS nationwide and within the State of California. These non-exempt employees who are employed by, or who were formerly employed by, Defendants throughout the United States and within the State of California are hereinafter referred to individually as "Class Members" and collectively as the "Class" or "Classes."

2.     For at least four years prior to the filing of this action and through to the present ("relevant time period" or "liability period"), Defendants consistently maintained and enforced against Defendants' non-exempt employees, among others, the below addressed unlawful practices and policies, in violation of the FLSA and California wage-and-hour laws, including:

(a)    During the relevant time period, Defendants had a consistent policy of requiring employees to work more than eight (8) hours in any given day and/or more than forty (40) hours in any given week, and of not paying them all overtime compensation pursuant to the FLSA and California <u>Labor Code</u> requirements;

(b)    During the relevant time period, Defendants had a consistent policy of requiring Class Members within the State of California to work at least

-2-

five (5) and ten (10) hours without lawful meal periods and failing to pay such employees one (1) hour of pay at the employees' proper regular rate of compensation (including any bonuses and other wages impacting the regular ate of pay) for each workday the meal periods were not provided, as required by California wage-and-hour laws;

(c)    During the relevant time period, Defendants had a consistent policy of requiring Class Members within the State of California to work at least five (5) and ten (10) hours without lawful meal periods by rounding the beginning and ending time punch of the meal periods and thus not providing Class Members with full and uninterrupted meal periods of at least 30 minutes and by failing to pay such employees one (1) hour of pay at the employees' proper regular rate of compensation for each workday that meal periods were not provided, as required by California wage-and-hour laws;

(d)    During the relevant time period, Defendants had a consistent policy of failing to provide Class Members within the State of California, including Plaintiff, rest periods of at least (10) minutes per three and a half (3.5) hours worked or major fraction thereof and failing to pay such employees one (1) hour of pay at the employees' proper regular rate of compensation for each workday that the rest period is not provided, as required by California wage-and-hour laws;

(e)    With respect to Class Members who either were discharged, laid off, or resigned, during the relevant time period, Defendants failed to pay them in accordance with the requirements of Labor Code §§ 201, 202, 203; and

(f)    During the relevant time period, Defendants failed to maintain accurate records of Class Members' earned wages and work periods as evidenced by Defendants' failure to keep adequate records of when

CLASS AND COLLECTIVE ACTION COMPLAINT

meal periods were taken or when they were paid, whether in the correct work week or otherwise.

3.     Plaintiff, on behalf of himself and all other Class Members, brings this action pursuant to the FLSA, 29 U.S.C. §§ 201-203, 206-207, 216, California Labor Code §§ 200, 201, 202, 203, 204, 210, 218, 218.6, 226, 226.7, 510, 511, 512, 1174, 1194, 1197, 1197.1, 1199, 2800-2802 and California Code of Regulations, Title 8, § 11040, *et seq.*, seeking compensation for off-the-clock work, meal and rest period violations, penalties, injunctive, and other equitable relief, and reasonable attorneys' fees and costs.

4.     Plaintiff, on behalf of himself and all Classes, pursuant to Business & Professions Code §§ 17200-17208, also seeks injunctive relief and restitution for the unfair, unlawful, or fraudulent practices alleged in this Complaint.

## II.    PARTIES

### A.    Plaintiff

5.     Plaintiff, at all relevant times, was and is a resident of California. Plaintiff was employed by Defendants as a non-exempt, hourly paid Counselor. Plaintiff and the other similarly situated Class Members were employed by Defendants and worked at Defendants' locations throughout the United States with assigned responsibilities, including counseling clients, educating clients on treatment options, methods and techniques to ensure the client understands the process before treatment, maintaining health insurance records, tracking personal treatment plans, and working with other staff to collaborate on treatment plans. Plaintiff was employed by Defendants from **November 11, 2021** to **August 28, 2022** and (1) shared similar job duties and responsibilities (2) was subjected to the same policies and practices (3) and endured similar violations at the hands of Defendants as the other Class and FLSA Collective Members who served in similar and related positions.

6.     Defendants failed to record accurate time worked by these employees, and provided Plaintiff and the Class Members with inaccurate wage statements that prevented Plaintiff and the Class from learning of these unlawful pay practices. Defendants also failed to provide Plaintiff and the Class with lawful meal and rest periods, as employees were not

CLASS AND COLLECTIVE ACTION COMPLAINT

provided with the opportunity to take uninterrupted and duty-free meal and rest periods as required by the Labor Code.

**B.** **Defendants**

7. Plaintiff is informed and believes and based upon that information and belief alleges that Acadia is a Delaware Corporation in good standing and authorized to do business in California and in the United States. Further, Acadia does business throughout the United States and in California, including Los Angeles County and Orange County. Plaintiff is informed and believes that the Acadia Healthcare facility located in Los Angeles County is one with a significant amount of class members, and would be Accordingly, Acadia is a company that has facilities and treatment centers throughout California and the United States. See https://www.acadiahealthcare.com/locations/.

8. Plaintiff is informed and believes and based upon that information and belief alleges that CTS is a California Limited Liability Company in good standing and authorized to do business in California and in the United States. Further, CTS does business throughout the United States and in California, including Los Angeles County, and Orange County. Accordingly, CTS is a company that has facilities and treatment centers throughout California and the United States. See https://sobernation.com/listing/california-treatment-services-dba-recovery-solutions-of-santa-ana-santa-ana-ca/.

9. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 to 10, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

///

-5-

CLASS AND COLLECTIVE ACTION COMPLAINT

10. Plaintiff is informed and believes, and based thereon alleges, that Defendants acted in all respects pertinent to this action, Defendants acts as agents, employees, supervisors, partners, conspirators, servants and/or joint venturers of each other, and in doing the acts hereafter alleged, were acting within the scope and authority of such agency, employment, partnership, conspiracy, enterprise and/or joint venture, and with the express and/or implied permission, knowledge, consent, authorization and ratification of their co-defendants.

## III. JURISDICTION AND VENUE

11. This court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201, et seq. because this action arises under the laws of the United States.

12. Venue is proper in this district under 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff, the Collective Members and Rule 23 Class Members occurred within this District.

13. At all relevant times, Plaintiff performed worked for Defendants within the State of California.

14. Defendant Acadia is headquartered at 6100 Tower Circle, Suite 1000, Franklin, TN 37067, but engages and performs substantial business throughout the State of California.

15. Defendant CTS is headquartered at 6100 Tower Circle, Suite 1000, Franklin, TN 37067, but engages and performs substantial business throughout the State of California.

16. Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein in the State of California and thus are subject to personal jurisdiction in this district.

17. Defendants both use a California agent for service of process based in Los Angeles County.

18. Plaintiff, the Collective Members and Rule 23 Class Members in their work for Defendants were employed by an enterprise engaged in commerce with annual gross

CLASS AND COLLECTIVE ACTION COMPLAINT

sales of at least $500,000.00.

## IV.   FLSA COVERAGE

19.    At all material times, Defendants have been an employer within the meaning of section 3(d) of the FLSA. 29 U.S.C. § 203(d).

20.    At all material times, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

21.    At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA because Defendants have had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

22.    Defendants have controlled the hours to be worked by Plaintiff and Class Members, provided training to Plaintiff and Class Members, directed the work of Plaintiff and Class Members, maintained communication with Plaintiff and Class Members and received updates as to the status of their work, and provided direction on how each assigned task was to be performed by Plaintiff and Class Members.

## V.   FACTUAL BACKGROUND

23.    Plaintiff and the Class Members are, and at all times pertinent hereto have been, non-exempt employees within the meaning of the FLSA and California Labor Code and the implementing rules and regulations of IWC California Wage Orders. Defendants hire hourly employees who work in non-exempt positions, like Plaintiff and Class Members' position—a Counselor--and/or similar job titles and positions, at the direction of Defendants nationwide and in the State of California.

24.    Plaintiff was a Counselor, which is an hourly, non-exempt position with employees who counsel clients, educate clients on treatment options, methods and techniques to ensure the client understands the process before treatment, maintained health insurance records, tracked personal treatment plans, and who worked with other staff to collaborate on treatment plans.

///

CLASS AND COLLECTIVE ACTION COMPLAINT

25.     During the course of Plaintiff and the Class Members' employment with Defendants, they were not paid all wages they were owed, including for all work performed (resulting in "off-the-clock" work), forced to work through their meal and rest periods, and not paid all overtime hours worked and all hours worked off-the-clock, to keep labor budgets low. Plaintiff is informed and believes that Class Members were sometimes asked to work shifts over eight (8) hours and to work over forty (40) hours in a workweek, and it was company policy to not pay overtime. Although Plaintiff and the Class Members were paid bi-weekly by Defendants, the pay never reflected the hours that Plaintiff and the Class Members worked without pay and while off-the-clock. As a result, Plaintiff and the Class Members worked substantial hours during their employment with Defendants for which they were not compensated, in violation of the FLSA and California Labor Code.

26.     As a matter of uniform Company policy, Plaintiff and the Class Members were required to work off-the-clock for which they were not compensated by Defendants in violation of the FLSA, and California Labor Code. Plaintiff and the Class Members were also not paid regular wages or overtime for the time they were required to comply with other requirements imposed upon them, which they had to complete while off-duty and without compensation.

27.     As a result of these requirements to work off-the-clock, Plaintiff had to comply with the daily work demands and pressures to work through breaks, respond to telephone calls and text messages to his manager, Jose Ochoa, on his personal cell phone outside of his scheduled shift, and endured other wage violations at Defendants' hands. Plaintiff and the Class Members were not properly paid for all wages earned and for all wages when working in any given week. As a result of Defendants' unlawful policies and practices, Plaintiff and Class Members were required to work consistently off-the-clock, some working more than eight (8) hours in a workday or over forty (40) hours in a workweek, but Plaintiff estimates they were not paid by Defendants for at least ten (10) hours of time worked per week.

CLASS AND COLLECTIVE ACTION COMPLAINT

28.     In addition, Defendants followed a policy and practice of further denying overtime payments to the Class Members at an overtime rate of 1.5 times the regular rate for the first eight (8) hours of the seventh consecutive workday in a week and overtime payments at the rate of 2 times the regular rate for hours worked over eight (8) on the seventh consecutive workday, as required under the Labor Code and applicable IWC Wage Orders.

29.     In an attempt to comply with the FLSA and the California Labor Code, Defendants would routinely round down Plaintiff's and Class Members' time. As a result, Plaintiff and Class Members worked off-the-clock for approximately ten (10) hours per week from this practice alone. Further, Plaintiff and Class Members were docked fifteen (15) minutes of pay every time that they were not clocked in the minute that their shift started. Although Plaintiff and Class Members were typically on time at the beginning of their shifts, there were several instances where they had to be let into the workplace and were not able to clock in when they were scheduled to start working. This happened approximately one time per week and required them to work off-the-clock for up to approximately fifteen (15) minutes each time this occurred. Finally, Plaintiff's and Class Members' supervisors routinely called them on their personal cell phones to discuss work related tasks. These phone calls were approximately five (5) minutes in length and totaled approximately ten (10) minutes per week. Defendants were aware of these violations. See, e.g., chart below outlining at least some of Plaintiff's alleged wages that Defendant failed to pay:

| Month | Hours | Wages Owed |
|---|---|---|
| November 2021 | 10.4 hours/week x 4 weeks = 41.6 hours | 41.6 hours x $21.00 = $873.60 |
| December 2021 | 10.4 hours/week x 4 weeks = 41.6 hours | 41.6 hours x $21.00 = $873.60 |
| January 2022 | 10.4 hours/week x 4 weeks = 41.6 | 41.6 hours x $21.00 = |

CLASS AND COLLECTIVE ACTION COMPLAINT

| | hours | $873.60 |
|---|---|---|
| February 2022 | 10.4 hours/week x 4 weeks = 41.6 hours | 41.6 hours x $21.00 = $873.60 |
| March 2022 | 10.4 hours/week x 4 weeks = 41.6 hours | 41.6 hours x $21.00 = $873.60 |
| April 2022 | 10.4 hours/week x 4 weeks = 41.6 hours | 41.6 hours x $21.00 = $873.60 |
| May 2022 | 10.4 hours/week x 4 weeks = 41.6 hours | 41.6 hours x $21.00 = $873.60 |
| June 2022 | 10.4 hours/week x 4 weeks = 41.6 hours | 41.6 hours x $21.00 = $873.60 |
| July 2022 | 10.4 hours/week x 4 weeks = 41.6 hours | 41.6 hours x $21.00 = $873.60 |
| August 2022 | 10.4 hours/week x 4 weeks = 41.6 hours | 41.6 hours x $21.00 = $873.60 |
| **TOTAL** | **416.0 hours unpaid** | **$8,736.00 min owed + interest** |

30.     Like Plaintiff, other Class Members were not paid for all the hours they worked, even though: (1) no practical administrative difficulty of recording the additional time exists or existed for Defendants during the relevant time period; (2) it is or was feasible for Defendants to determine or estimate the time that each non-exempt employee actually worked, as all Class Members at issue in this action were paid for fewer hours than their punch records will show. See *Troester v. Starbucks Corp.* (2018) 5 Cal.5th 829.

31.     Plaintiff and the Class Members were required to treat a high volume of clients in Defendants' clinics or treatment centers and could not be relieved to take meal and/or rest breaks, or were required to remain on-duty at all times and were unable to take off-duty breaks or were otherwise not provided with the opportunity to

CLASS AND COLLECTIVE ACTION COMPLAINT

take required breaks due to Defendants' policies and practices. Plaintiff understands and believes that Class Members were practically unable to take a meal period and therefore had to work through their meal periods. On the occasions when Class Members could take a meal period, they were often untimely, short or interrupted, as the Class Members were required to respond to work demands. Nonetheless, Plaintiff and Class Members were required to record meal periods as if they were taken before the end of the fifth hour or tenth hour of work. Accordingly, Class Members were not paid for the time they worked through their meal periods and were not provided with one (1) hour's wage in lieu thereof. Plaintiff understands and believes therefore, that meal period violations occurred in one or more of the following manners:

    (a)    Class Members were not provided full 30-minute duty free meal periods for workdays in excess of five (5) hours and were not compensated one (1) hour's wage in lieu thereof, all in violation of, among others, Labor Code § 226.7, 512 and the applicable Industrial Welfare Commission Wage Order(s);

    (b)    Class Members were not provided two (2) full 30-minute duty free meal periods for workdays in excess of (10) hours and were not compensated one (1) hour's wage in lieu thereof, all in violation of, among others, Labor Code § 226.7, 512 and the applicable Industrial Welfare Commission Wage Order(s);

    (c)    Class Members were required to work through at least part of their daily meal period(s);

    (d)    Meal periods were provided after five (5) hours of continuous working during a shift;

    (e)    Meal periods were short due to being rounded at the beginning or the end of the shift resulting in less than a net 30-minute meal period;

    (f)    Class Members were restricted in their ability to take a full 30-minute meal period; and

CLASS AND COLLECTIVE ACTION COMPLAINT

(g)     Class Members were not paid meal period premiums using the proper regular rate of pay that included all non-discretionary bonuses, shift differential or other wages.

32.     Plaintiff and the Defendants' non-exempt employees were also not authorized and permitted to take lawful rest periods, were often asked by Defendants to work through or during breaks, and were not provided with one (1) hour's wages in lieu thereof. Rest period violations therefore arose in one or more of the following manners:

(a)     Class Members were required to work without being provided a minimum ten minute rest period for every three and a half (3.5) hours or major fraction thereof worked and were not compensated one (1) hour of pay at their proper regular rate of compensation for each workday that a rest period was not provided;

(b)     Class Members were not authorized and permitted to take timely rest periods for every three and a half (3.5) hours worked, or major fraction thereof; and

(c)     Class Members were restricted in their ability to take their full ten (10) minutes net rest time or were otherwise not provided with duty-free rest periods.

33.     As a result of these illegal policies and practices, Defendants engaged in and enforced the following additional unlawful practices and policies against Plaintiff and the Class Members he seeks to represent:

(a)     failing to pay all wages owed to Class Members who were either discharged, laid off, or resigned in accordance with the requirements of Labor Code §§ 201, 202 and 203;

(b)     failing to pay all wages owed to the Class Members twice monthly in accordance with the requirements of Labor Code § 204;

(c)     failing to pay Class Members all wages owed, including all meal and rest period premium wages; and

-12-

CLASS AND COLLECTIVE ACTION COMPLAINT

(d)    failing to maintain accurate records of Class Members' earned wages and meal periods in violation of Labor Code §§ 226 and 1174(d) and section 7 of the applicable IWC Wage Orders.

34.    Defendants have made it difficult to account with precision for the unlawfully withheld wages, and meal-and-rest period compensation owed to Plaintiff and the Class, during the liability period, because they did not implement and preserve a record-keeping method as required for non-exempt employees by California Labor Code §§ 226, 1174(d), and paragraph 7 of the applicable California Wage Orders. Upon information and belief, time clock punches were not maintained, or were not accurately maintained, for work shifts and were automatically presumed by Defendants to have been lawfully provided when they were not. Defendants also failed to accurately record and pay for all hours worked off-the-clock and submitted by Plaintiff and the Class Members. Defendants have thus also failed to comply with Labor Code § 226(a) by inaccurately reporting total hours worked and total wages earned by Plaintiff and the Class Members, along with the appropriate applicable rates, among others requirements. Plaintiff and Class Members are therefore entitled to penalties not to exceed $4,000.00 for each employee pursuant to Labor Code § 226(b).

35.    Defendants have failed to comply with paragraph 7 of the applicable California IWC Wage Orders by failing to maintain time records showing when the employee begins and ends each work period, all wages earned, including premium wages pursuant to Labor Code § 226.7, and total daily hours worked by itemizing in wage statements all deductions from payment of wages and accurately reporting total hours worked by the Class Members.

## VI.  **CLASS AND COLLECTIVE ALLEGATIONS**

36.    Plaintiff has knowledge that the FLSA Collective Members have also been denied minimum, regular, and overtime pay for all hours worked. Plaintiff worked with other FLSA Collective Members, and as such, has personal knowledge of their existence, off-the-clock work and minimum wage and overtime violations. Plaintiff seeks to represent a FLSA Collective composed of and defined as:

CLASS AND COLLECTIVE ACTION COMPLAINT

**All persons who are employed or have been employed by Defendants in the United States during any time from three years prior to the filing of this collective action to the present, have worked as non-exempt Counselors and related positions and any other non-exempt employees operating out of Defendants' clinics or centers in the United States (the "FLSA Collective Members").**

37.     Other FLSA Collective Members worked for Defendants in a similar capacity and were not paid at least the minimum wage for all hours worked and overtime at the rate of one and one-half their regular rate when those hours exceeded 40 hours per workweek.

38.     FLSA Collective Members perform or have performed the same or similar work as Plaintiff, regularly work or have worked in excess of 40 hours during a workweek and are not exempt from receiving overtime pay at the federally mandated wage rate under the FLSA.

39.     Plaintiff estimates that Defendants have employed more than 1,000 FLSA Collective Members working throughout the United States during the last three years who were paid an hourly rate.

40.     Defendants suffered or permitted such workers to work in the last three years and failed to compensate them for all hours worked.

41.     Defendants' failure to pay minimum, regular, and overtime compensation at the rate required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the FLSA Collective Members.

42.     The experiences of Plaintiff, with respect to their pay, are typical of the experiences of the FLSA Collective Members.

43.     The specific job titles or precise job responsibilities of the FLSA Collective Member do not prevent collective treatment.

44.     All FLSA Collective Members, irrespective of their particular job requirements, are entitled to minimum, regular, and overtime compensation at the rate of time and a-half for hours worked in excess of 40 during a workweek.

CLASS AND COLLECTIVE ACTION COMPLAINT

45.     Although the exact amount of damages may vary among FLSA Collective Members, the damages can be readily calculated by reference to Defendants' records and, if necessary, representative testimony and evidence. The claims of all FLSA Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all FLSA Collective Members.

46.     Plaintiff also brings this action on behalf of himself and all others similarly situated as a class action pursuant to Rule 23.   Plaintiff seeks to represent a Rule 23 California Class composed of and defined as:

> **All persons who are employed or have been employed by Defendants in the State of California who, during any time from four years prior to the filing of this Complaint to the present, have worked as non-exempt Counselors and related positions as well as other non-exempt employees traditionally operating out of Defendants' clinics and centers in California (the "Rule 23 California Class Members").**

47.     Further, if necessary, Plaintiff seeks to represent the following Rule 23 California Subclasses composed of and defined as follows, and will seek to amend as appropriate :

(a)     **Subclass 1. Unpaid Overtime Subclass.** All current and former non-exempt, hourly-paid class members employed by Defendants in California during the applicable class period, who worked at least one shift longer than 8 hours in a workday and/or worked more than 40 hours during the workweek.

(b)     **Subclass 2. Minimum Wage Subclass.** All current and former non-exempt, hourly-paid class members employed by Defendants in California during the applicable class period, who worked at least one shift less than 8 hours in a workday and/or worked less than 40 hours during the workweek.

(c)     **Subclass 3. Meal Period Subclass.** All current and former non-exempt, hourly-paid class members employed by Defendants in

CLASS AND COLLECTIVE ACTION COMPLAINT

California during the applicable class period, who worked at least one shift longer than 5 hours in a workday and/or who worked at least one shift longer than 10 hours in a workday.

(d)  **Subclass 4. Rest Period Subclass.** All current and former non-exempt, hourly-paid class members employed by Defendants in California during the applicable class period, who worked at least one shift longer than three and a-half hours in a workday.

(e)  **Subclass 5. Wage Payment Subclass.** All current and former non-exempt, hourly-paid class members employed by Defendants in California during the applicable class period, who received at least one wage statement from Defendants within the statute of limitations period applicable to claims under Section 226 of the California Labor Code.

(f)  **Subclass 6. Unreimbursed Expenses Subclass.** All current and former non-exempt, hourly-paid class members employed by Defendants in California during the applicable class period, who incurred necessary business expenses in the performance of their job duties.

(g)  **Subclass 7. Termination Pay Subclass.** All former non-exempt, hourly-paid class members employed by Defendants in California during the applicable class period, who separated employment with Defendants at any point during the period beginning three years prior to the filing of this Complaint.

48.  **Subclass 8. B&P Code § 17200 Subclass.** All current and former non-exempt, hourly-paid class members employed by Defendants in California during the applicable class period, regarding whom Defendants have engaged in unlawful, unfair and/or fraudulent business acts or practices prohibited by Business & Professions Code § 17200 *et. seq.* as specifically described herein.Plaintiff reserves the right to amend or modify the class descriptions with greater specificity or to provide further division into subclasses or limitation to particular issues.

49.  This action has been brought and may properly be maintained as a class action under Rule 23.

**A.  <u>Numerosity</u>**

50.  The potential members of the Rule 23 California Class as defined are so

CLASS AND COLLECTIVE ACTION COMPLAINT

numerous that joinder of all Rule 23 California Class Members is impracticable. Plaintiff estimates there are at least 100 Rule 23 California Class Members, and possibly several hundred, which is sufficient to satisfy the numerosity requirement. While the precise number of Rule 23 California Class Members has not been determined at this time, Plaintiff is informed and believes that Defendants currently employ, and during the relevant time periods employed, sufficiently numerous employees in positions as Defendants' non-exempt employees in California, who are or have been affected by Defendants' unlawful practices as alleged herein.

51. Employee turnover during the relevant time period will increase this number substantially. Upon information and belief, Plaintiff alleges Defendants' employment records would provide information as to the number and location of all Rule 23 California Class Members. Joinder of all members of the proposed Rule 23 California Class and/or Subclasses is not practicable.

**B.** **Commonality**

52. There are questions of law and fact common to each member of the Rule 23 California Class that predominate over any questions affecting only individual Rule 23 California Class Members. These common questions of law and fact include, without limitation:

(a) Whether Defendants violated <u>Labor Code</u> § 1194 by failing to compensate all employees during the relevant time period for all hours worked, whether regular or overtime;

(b) Whether Defendants violated <u>Labor Code</u> § 226.7 and the IWC Wage Orders, and Cal. Code Regs., by failing to authorize and permit meal breaks and failing to compensate said employees for one hour's wages at the proper regular rate in lieu of meal periods;

(c) Whether Defendants violated <u>Labor Code</u> § 226.7 and the IWC Wage Orders, and Cal. Code Regs., by failing to authorize and permit all daily 10-minute rest periods to non-exempt employees for every three and a-

CLASS AND COLLECTIVE ACTION COMPLAINT

half hours and/or 7 hours or major fraction thereof worked and failing to compensate said employees for one (1) hour's wages in lieu of rest periods;

(d)    Whether Defendants violated <u>Labor Code</u> § 226 and § 1174 and the IWC Wage Orders by failing to maintain accurate records of Class Members' earned wages and work periods;

(e)    Whether Defendants violated <u>Business & Professions Code</u> § 17200 *et seq.* of the, <u>Labor Code</u> §§ 201-203, 204, 226.7, 512, 1174, and applicable IWC Wage Orders, which constitutes a violation of fundamental public policy; and

(f)    Whether Plaintiff and the Rule 23 California Class Members are entitled to equitable relief pursuant to <u>Business & Professions Code</u> § 17200 *et seq*.

There are common answers to these questions which further demonstrate that class treatment is appropriate in this case.

**C.**    **<u>Typicality</u>**

53.    The claims of Plaintiff are typical of the claims of the Rule 23 California Class Members. Plaintiff and all members of the Rule 23 California Class sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of California's laws, regulations, and statutes as alleged herein.

**D.**    **<u>Adequacy of Representation</u>**

54.    Plaintiff will fairly and adequately represent and protect the interests of the members of the Rule 23 California Class. Counsel who represent Plaintiff are competent and highly experienced in litigating large employment class actions on a regular basis. See www.quintlaw.com and https://www.kbklawyers.com/.

**E.**    **<u>Superiority of Class Action</u>**

55.    A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Rule 23 California Class Members

CLASS AND COLLECTIVE ACTION COMPLAINT

is not practicable, and questions of law and fact common to each member of the Rule 23 California Class predominate over any questions affecting only individual members of the Rule 23 California Class. Each member of the Rule 23 California Class has been damaged and is entitled to recovery by reason of Defendants' unlawful policies and practices alleged in this Complaint.

56.   Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

57.   Class Plaintiff contemplates the eventual issuance of notice to the proposed FLSA Collective Members and Rule 23 California Class Members that would set forth the subject and nature of the instant action. The Defendants' own business records can be utilized for assistance in the preparation and issuance of the contemplated notices. To the extent that any further notice is required additional media and/or mailings can be used.

## FIRST CAUSE OF ACTION

## FAILURE TO PAY AN HOURLY WAGE FOR ALL HOURS WORKED AND OVERTIME COMPENSATION

### [FLSA, 29 U.S.C. §§ 201-203, 206-207, 216]

### (Against All Defendants)

58.   Plaintiff and members of the FLSA Collective re-allege and incorporate by reference, as though fully set forth herein, the paragraphs previously alleged in this Complaint.

59.   At all relevant times hereto, Defendants have been an "enterprise engaged in commerce or in the production of goods for commerce," as defined under 29 U.S.C. § 203(s)(l).

60.   Plaintiff is informed and believes, and thereon allege, that Defendants have required, or require, FLSA Collective Members as part of their employment to work hours without additional compensation, including overtime hours in excess of the 40-hour per

CLASS AND COLLECTIVE ACTION COMPLAINT

week maximum under 29 U.S.C. § 207(a)(I). That Section provides the following: "Except as otherwise provided in this section, no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate which is not less than one and one-half times the regular rate at which he is employed."

61.     In the performance of their duties for Defendants, members of the FLSA Collective often worked hours without being paid an hourly wage and did work over 40 hours per week, but did not receive overtime compensation for the work, labor and services they provided to Defendants, as required by the FLSA, 29 U.S.C. §§ 206 and 207.

62.     The precise number of unpaid regular and overtime hours will be proven at trial.

63.     Plaintiff proposes to undertake appropriate proceedings to have such members of the FLSA Collective aggrieved by Defendants' unlawful conduct notified of the pendency of this action and to provide them with the opportunity to join this action as plaintiffs, pursuant to 29 U.S.C. § 216(b), by filing written consents to join with the Court.

64.     Defendants' violations of the FLSA were willful within the meaning of the statue and interpretive case law and decisions.

65.     As a result of the foregoing, Plaintiff seeks judgment against Defendants on his own behalf and on behalf of those FLSA Collective Members similarly situated who file written consents to join in this action, for all unpaid wages, including overtime wages owed by Defendants to Plaintiff and the FLSA Collective Members, pursuant to 29 U.S.C. §§ 206 and 207, together with an award of an additional equal amount as liquidated damages, and costs, interest, and reasonable attorneys' fees, as provided for under 29 U.S.C. § 216(b).

///
///
///
///
///

CLASS AND COLLECTIVE ACTION COMPLAINT

## SECOND CAUSE OF ACTION

### FAILURE TO PAY OVERTIME COMPENSATION

### [CALIFORNIA LABOR CODE §§ 510, 1194 and 1198]

### (Against All Defendants)

66.     Plaintiff and members of the Rule 23 California Class (and subclasses) re-allege and incorporate by reference, as though fully set forth herein, the paragraphs previously alleged in this Complaint.

67.     This claim is brought by Plaintiff, on behalf of the Rule 23 California Class and the subclasses thereof.

68.     In California, employees must be paid at least the then applicable state minimum wage for all hours worked. (IWC Wage Order MW-2014.)

69.     California Labor Code § 1194 provides that "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." The action may be maintained directly against the employer in an employee's name without first filing a claim with the Department of Labor Standards and Enforcement.

70.     Employees in California shall not be employed more than eight hours in any workday, and/or more than forty hours in any workweek, unless they receive additional compensation beyond their regular wages in amounts specified by law. More specifically, Labor Code § 510 codifies the right to overtime compensation at one and one-half times the regular hourly rate for hours worked in excess of 8 hours in a day or 40 hours in a week.

71.     California Labor Code § 1198 provides that "[T]he maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under

conditions of labor prohibited by the order is unlawful."

72.    At all times relevant hereto, the <u>Labor Code</u> requirements and paragraph 3 of the applicable IWC Wage Orders also provided for payment of overtime wages equal to one and one-half times an employee's regular rate of pay for all hours worked over 8 hours a day and/or forty 40 hours in a work week, and for the first eight 8 hours on the seventh consecutive day of work in a work week.

73.    Defendants, and each of them, have intentionally and improperly avoided payment of overtime wages in violation of the California <u>Labor Code</u> and California <u>Code of Regulations</u> and the IWC Wage Orders and guidelines set forth by the Division of Labor Standards and Enforcement, as described above. Defendants have also violated these provisions by requiring Plaintiff and other similarly situated non-exempt employees to work through meal periods when they were required to be clocked out. Defendants, and each of them, have also intentionally and improperly rounded, changed, adjusted and/or modified certain employees' hours, and imposed difficult to attain job and scheduling requirements on Plaintiff and Rule 23 California Class Members, which resulted in an underpayment of wages to employees over a period of time while benefiting Defendants.

74.    At all times relevant hereto, Plaintiff and Rule 23 California Class Members have worked more than 8 hours in a workday, and/or more than 40 hours in a workweek, as employees of Defendants. During the relevant time period, Plaintiff and Rule 23 California Class Members were not fully paid for all the hours they worked in excess of 8 hours in a day, and/or in excess of 40 hours in a week as a result of Defendants' above-described policies and practices. In addition to the other overtime payments Defendants failed to make for all off-the-clock work, Plaintiff is informed and believes that Defendants have scheduled Rule 23 California Class Members to occasionally work shifts for seven consecutive days in a row. However, Defendants followed a policy and practice of further denying overtime payments to Rule 23 California Class Members at an overtime rate of 1.5 times the regular rate for the first

CLASS AND COLLECTIVE ACTION COMPLAINT

eight hours of the seventh consecutive workday in a week and overtime payments at the rate of 2 times the regular rate for hours worked over eight on the seventh consecutive workday, as required under the <u>Labor Code</u> § 510 and paragraph 3 of the applicable IWC Wage Orders.

75.    Therefore, Plaintiff and Rule 23 California Class Members were not properly paid for all hours worked, including for the hours worked in excess of the maximum hours permissible by law under California <u>Labor Code</u> § 1194, § 1197 and § 1198 and the provisions of IWC Wage Orders and the applicable California Code of Regulations sections.

76.    On information and belief, Plaintiff and Rule 23 California Class Members allege that Defendants followed an unlawful policy and practice of refusing to pay and failing to pay them for all wages earned in each pay period, including by requiring and compelling off-the-clock work, by failing to pay for overtime hours worked, and for the other reasons set forth in detail above.

77.    As a result of Defendants' failure to pay overtime pay throughout the Rule 23 California Class Members' employment, Defendants intentionally failed to provide them with all earned wages earned by and owed to them during the corresponding pay periods. Defendants willfully violated the provisions of <u>Labor Code</u> § 1194, the applicable IWC Wage Orders, and California law by failing to properly pay the Rule 23 California Class the overtime pay that they were due.

78.    Defendants' failure to pay the Rule 23 California Class Members all wages owed to them also violated California <u>Penal Code</u> §§ 484 and 532 (obtaining labor through false pretenses), to the extent their managers specifically instructed them that they were not entitled to receive overtime under the California <u>Labor Code</u> and related provisions for off-the-clock work they were required to perform.

79.    Plaintiff and Rule 23 California Class Members are informed and believe, and based upon that information and belief therefore further allege, that Defendants knew or should have known that Rule 23 California Class Members did not qualify as

CLASS AND COLLECTIVE ACTION COMPLAINT

exempt employees, and Defendants purposely elected not to pay them for their overtime labor performed.

80.     By virtue of Defendants' unlawful failure to provide overtime pay to Plaintiff and Rule 23 California Class Members, Plaintiff and Rule 23 California Class Members have suffered, and will continue to suffer, damages in amounts which are presently unknown to them, but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

81.     Plaintiff and Rule 23 California Class Members are informed and believe, and based upon that information and belief allege, that Defendants, and each of them, purposely elected not to provide overtime pay.

82.     As a result of Defendants' failure to pay overtime pay throughout the Rule 23 California Class Members' employment, Plaintiff and Rule 23 California Class Members were deprived of wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, for Defendants' violations of Labor Code § 510 and applicable IWC Wage Order provisions.

83.     Defendants, and each of them, acted intentionally, oppressively and maliciously toward the Rule 23 California Class Members with a conscious disregard of their rights, or the consequences to the Rule 23 California Class Members, with the intent of depriving them of property and legal rights and otherwise causing them injury.

84.     Plaintiff, on behalf of members of the Rule 23 California Class and subclass, requests recovery of both straight time and overtime compensation according to proof, interest, attorney's fees and costs pursuant to Labor Code § 1194(a), as well as the assessment of any statutory penalties against Defendants, and each of them, and any additional sums as provided by the Labor Code and/or other statutes.

85.     Further, Plaintiff and Rule 23 California Class Members are entitled to seek and recover reasonable attorneys' fees and costs pursuant to Labor Code §§ 210 and 1194.

CLASS AND COLLECTIVE ACTION COMPLAINT

### THIRD CAUSE OF ACTION

### FAILURE TO PAY WAGES FOR ALL HOURS WORKED

### [CALIFORNIA LABOR CODE §§ 1194, 1197, 1197.1 and 558]

### (Against All Defendants)

86.    Plaintiff and Rule 23 California Class Members re-allege and incorporate by reference, as though fully set forth herein, the paragraphs previously alleged in this Complaint.

87.    Plaintiff brings this claim under California Labor Code §§ 1194, 1197, 1197.1 and the applicable IWC Wage Orders, as amended.

88.    California Labor Code §§ 1194, 1197, 1197.1 and applicable Industrial Welfare Commission Wage Orders entitle non-exempt employees to an amount equal to or greater than the minimum wage for all hours worked. All hours must be paid at the statutory or agreed rate and no part of this rate may be used as a credit against a minimum wage obligation.

89.    Defendants did not and do not compensate Plaintiff and other hourly employees for time spent off-the-clock during lunch or after hours responding to calls, texts, emails and other work-related inquiries. This work was known or should have been known by Defendants as management are and were requesting the off-the-clock work and receiving the work-related communications.

90.    As a result of violations of California Labor Code §§ 1194, 1197, 1197.1 and the applicable Industrial Welfare Commission Wage Order, for failure to pay minimum wage, Defendants are liable for attorneys' fees and costs, civil penalties pursuant to California Labor Code §§ 558, 1197.1, and 2698 *et seq*. and other relief.

91.    California Labor Code § 1194 provides that "any employee receiving less than the legal minimum wage compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage compensation, including interest thereon, reasonable attorney's fees, and costs of suit." The action may be maintained directly against the employer in an employee's name without first filing a claim

with the Department of Labor Standards and Enforcement.

92.     Defendants, and each of them, have also intentionally and improperly rounded, changed, adjusted, underpaid, and/or modified certain employees' hours, including by requiring off-the-clock work, requiring work to be performed while on breaks, and by not properly paying employees all regular and/or overtime hours they worked and reported, and imposed difficult to attain job and scheduling requirements on Plaintiff and Rule 23 California Class Members. This resulted in an underpayment of wages to employees over a period of time while benefitting Defendants.

93.     During the relevant time period, Plaintiff and Rule 23 California Class Members were not fully paid for all the hours they worked as a result of Defendants' above-described policies and practices. Therefore, Plaintiff and Rule 23 California Class Members were not properly paid for all work performed.

94.     During the relevant time period, Defendants willfully failed to pay all wages owed to Plaintiff and Rule 23 California Class Members.

95.     Labor Code § 558(a) provides "any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provisions regulating hours and days of work in any order of the IWC shall be subject to a civil penalty as follows: (1) For any violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee." Labor Code § 558(c) states, "the civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law."

96.     Defendants have violated provisions of the Labor Code regulating hours and days of work as well as the IWC Wage Orders. Accordingly, Plaintiff and Rule California Class Members seek the remedies set forth in Labor Code § 558.

CLASS AND COLLECTIVE ACTION COMPLAINT

97.     Upon information and belief, Plaintiff alleges that Defendants' policy of failing to pay employees for all hours worked whether regular time or overtime violates the Labor Code and IWC Wage Orders. Pursuant to Labor Code § 1194, Plaintiff and Rule 23 California Class Members are entitled to recover their unpaid wages owed, as well as interest, costs and attorney's fees.

**FOURTH CAUSE OF ACTION**

**FAILURE TO PROVIDE MEAL PERIODS**

**[CALIFORNIA LABOR CODE §§ 226.7, 512, and Applicable IWC Wage Orders]**

**(Against All Defendants)**

98.     Plaintiff and Rule 23 California Class Members (and subclass) re-allege and incorporate by reference, as though fully set forth herein, the paragraphs previously alleged in this Complaint.

99.     This claim is brought by Plaintiff on his behalf, and on behalf of the Rule 23 California Class and subclass thereof.

100.    Labor Code §§ 226.7 and 512 and paragraph 11 of the applicable IWC Wage Order provide that no employer shall employ any person for a work period of more than 5 hours without a meal period of not less than 30 minutes. Further, Labor Code § 512 provides that an employer may not employ an employee for a work period or more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except if the total hours worked is no more 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

101.    Labor Code § 226.7 and paragraph 11 of the applicable IWC Wage Orders also provide that, if an employer fails to provide an employee a meal period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's proper regular rate of compensation for each workday that the meal period is not provided.

102.    Defendants failed to provide the Class Members with meal periods as required

CLASS AND COLLECTIVE ACTION COMPLAINT

by the Labor Code, including by not providing them with the opportunity to take meal breaks, by providing them late or for less than 30 minutes, or by requiring them to perform work during breaks.

103.   Defendants, and each of them, have intentionally and improperly denied meal periods to Rule 23 California Class Members in violation of Labor Code §§ 226.7 and 512 and paragraph 11 of the applicable IWC Wage Orders, along with other applicable regulations and statutes.

104.   At all times relevant hereto, Rule 23 California Class Members have worked more than five (5) hours in a workday.

105.   Further, on one or more occasions, some members of the Meal Break Subclass worked over ten (10) hours in a workday.

106.   The members of the Meal Break Subclass  did not enter into any written agreement with Defendant agreeing to waive an on-the-job paid meal period.

107.   At all times relevant hereto, Defendants, and each of them, failed to provide meal periods as required by Labor Code §§ 226.7 and 512 and paragraph 11 of the applicable IWC Wage Orders.

108.   By virtue of the Defendants' unlawful failure to provide meal periods to Rule 23 California Class Members, Plaintiff is informed and believes Rule 23 California Class Members have suffered, and will continue to suffer, damages in amounts which are presently unknown to Plaintiff, but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

109.   Plaintiff and Rule 23 California Class Members are informed and believe, and based upon that information and belief allege, that Defendants, and each of them, purposely elected not to provide meal periods.

110.   Plaintiff is informed and believes Defendants, and each of them, acted intentionally, oppressively and maliciously toward Rule 23 California Class Members with a conscious disregard of their rights, or the consequences to them, with the intent of depriving them of property and legal rights and otherwise causing them to suffer injury.

CLASS AND COLLECTIVE ACTION COMPLAINT

111.    Plaintiff, on behalf of the Rule 23 California Class, requests recovery of meal period compensation pursuant to <u>Labor Code</u> §§ 226.7 and paragraph 11 of the applicable IWC Wage Orders, as well as the assessment of any statutory penalties against these Defendants, and each of them, in a sum as provided by the <u>Labor Code</u> and other statutes.

**FIFTH CAUSE OF ACTION**

**FAILURE TO PROVIDE REST PERIODS**

**[CALIFORNIA LABOR CODE §§ 226.7, 512, and Applicable IWC Wage Orders]**

**(Against All Defendants)**

112.    Plaintiff and Rule 23 California Class Members (and subclass) re-allege and incorporate by reference the paragraphs previously alleged in this Complaint.

113.    <u>Labor Code</u> §§ 226.7 and paragraph 12 of the applicable IWC Wage Orders provide that employers must authorize and permit all employees to take rest periods at the rate of 10 minutes net rest time per three and a-half  work hours.

114.    <u>Labor Code</u> §§ 226.7 and paragraph 12 of the applicable IWC Wage Orders provide that if an employer fails to provide an employee rest period in accordance with this section, the employer shall pay the employee one  hour of pay at the employee's proper regular rate of compensation for each workday that the rest period is not provided.

115.    Defendants, and each of them, have intentionally and improperly denied rest periods to Plaintiff and Rule 23 California Class Members in violation of <u>Labor Code</u> §§ 226.7 and paragraph 12 of the applicable IWC Wage Orders. Defendants failed to authorize and permit Plaintiff and Rule 23 California Class Members to take rest periods, as required by the <u>Labor Code.</u>

116.    At all times relevant hereto, Plaintiff and Rule 23 California Class Members have worked more than three and a-half hours in a workday.

117.    At all times relevant hereto, the Defendants, and each of them, failed to provide rest periods as required by <u>Labor Code</u> § 226.7 and paragraph 12 of the applicable IWC Wage Orders.

118.    By virtue of Defendants' unlawful failure to provide rest periods to Plaintiff

-29-

and Rule 23 California Class Members, Plaintiff and Rule 23 California Class Members have suffered, and will continue to suffer, damages in amounts which are presently unknown to Plaintiff and Rule 23 California Class Members, but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

119.    Plaintiff and Rule 23 California Class Members are informed and believe, and based upon that information and belief allege, that Defendants, and each of them, knew or should have known that Plaintiff and Rule 23 California Class Members were entitled to rest periods and purposely elected not to provide them with rest periods.

120.    Defendants, and each of them, acted intentionally, oppressively and maliciously toward Plaintiff and Rule 23 California Class Members with a conscious disregard of their rights, or the consequences to Plaintiff and the Rule 23 California Class, with the intent of depriving Plaintiff and the Rule 23 California Class of property and legal rights and otherwise causing them injury.

121.    Plaintiff, individually, and on behalf of employees similarly situated, requests recovery of rest period compensation pursuant to Labor Code § 226.7 and paragraph 12 of the applicable IWC Wage Orders, as well as the assessment of any statutory penalties against these Defendants, and each of them, in a sum as provided by the Labor Code and/or other statutes.

**SIXTH CAUSE OF ACTION**

**FAILURE TO FURNISH ACCURATE ITEMIZED STATEMENTS**

**[CALIFORNIA LABOR CODE § 226]**

**(Against All Defendants)**

122.    Plaintiff and Rule 23 California Class Members (and subclass) re-allege and incorporate by reference, as though fully set forth herein, the paragraphs previously alleged in this Complaint.

123.    Throughout the liability period, Defendants intentionally failed to furnish to Plaintiff and Rule 23 California Class Members, upon each payment of wages, itemized statements accurately showing: (1) gross wages earned, (2) total hours worked by the

CLASS AND COLLECTIVE ACTION COMPLAINT

employee, (3) the number of piece-rate units earned and any applicable piece rate paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee pursuant to <u>Labor Code</u> § 226, amongst other statutory requirements.

124.    As a result of Defendants' conduct, Plaintiff and Rule 23 California Class Members have suffered injury in that, among other things, the lack of the required information hindered them from determining the amount of wages owed to them and led them to believe they were not entitled to be paid wages all hours worked, for overtime, missed meal and rest breaks, or for each hour of labor they performed, for piece rates where applicable, and the properly hourly rate where applicable, although they were so entitled. The absence of accurate wage statements has prevented timely challenges to Defendants' unlawful pay practices, caused difficulty and expense in attempting to reconstruct time and pay records, and resulted in the submission by Defendants of inaccurate information about wages and deductions from wages to state and federal government agencies. The entitlement of Plaintiff and Rule 23 California Class Members is to receive wage statements that accurately list the total amount of wages earned and deductions from wages as reflected on wage statements, and Plaintiff and Rule 23 California Class Members have thereby been injured by the Defendants' failure to report the total amount of wages earned during each pay period on each paycheck stub. All Rule 23 California Class Members have been similarly injured. As a result of Defendants' conduct, Plaintiff and Rule 23 California Class Members have suffered injury because their legal right to receive accurate wage statements was violated.

125.    <u>Labor Code</u> § 226(a) requires Defendants "semimonthly or at the time each payment to wages" to furnish to Plaintiff and Rule 23 California Class Members

CLASS AND COLLECTIVE ACTION COMPLAINT

"an accurate itemized statement in writing" showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate for Rule 23 California Class Members paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee pursuant to <u>Labor Code</u> § 226. Defendants knowingly and intentionally failed to provide Plaintiff and Rule 23 California Class Members with such timely and accurate wage-and-hour statements.

126.   Plaintiff and Rule 23 California Class Members suffered injury as a result of Defendants' knowing and intentional failure to provide them with the wage-and-hour statements as required by law and are presumed to have suffered injury and entitled to penalties under <u>Labor Code</u> § 226(e), as Defendants have failed to provide a wage statement, failed to provide accurate and complete information as required by any one or more of items <u>Labor Code</u> § 226 (a)(1) to (9), inclusive, and the Plaintiff and Rule 23 California Class Members cannot promptly and easily determine from the wage statement alone one or more of the following: (i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a), (ii) which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period, (iii) the name and address of the employer and, (iv) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number. For purposes of <u>Labor Code</u> § 226(e) "promptly and easily determine" means a reasonable person (i.e. an objective standard) would be able to readily ascertain the information without

reference to other documents or information.

127.   Plaintiff and Rule 23 California Class Members suffered injury as a result of Defendants' knowing and intentional failure to provide them with the wage-and-hour statements as required by law.

128.   Plaintiff and Rule 23 California Class Members are entitled to the amounts provided in Labor Code § 226(e), plus costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**

**FAILURE TO PAY WAGES AT LEAST TWICE IN A CALENDAR MONTH**

**[CALIFORNIA LABOR CODE § 204]**

**(Against All Defendants)**

129.   Plaintiff and Rule 23 California Class Members (and subclass) re-allege and incorporate by reference the paragraphs previously alleged in this Complaint.

130.   Labor Code § 204 instructs all wages are due and payable twice each calendar month.

131.   The wages required by Labor Code § 1194 and other sections became due and payable to each employee in each pay period that he or she was not provided with a meal period, rest period, or paid straight or overtime wages to which he or she was entitled.

132.   Defendants violated Labor Code § 204 by systematically refusing to pay wages due under the Labor Code.

133.   As a result of the unlawful acts of Defendants, Plaintiff and Rule 23 California Class Members have been deprived of wages in amounts to be determined at trial, and is entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code § 210, 218.5 and 1194.

///
///
///
///

CLASS AND COLLECTIVE ACTION COMPLAINT

1
2
3
4

### EIGHTH CAUSE OF ACTION

**FOR FAILURE TO REIMBURSE BUSINESS EXPENSES**

**[CALIFORNIA LABOR CODE §§ 2800-2802]**

**(Against All Defendants)**

5   134.   Plaintiff and Rule 23 California Class Members (and subclass) re-allege and

6   incorporate by reference, as though fully set forth herein, the paragraphs previously alleged

7   in this Complaint.

8   135.   Plaintiff and Rule 23 California Class Members are informed and believe

9   and based thereon allege that throughout the period applicable, Defendants were

10  required to pay for lawful and necessary work-related expenses incurred by their

11  employees. Plaintiff and Rule 23 California Class Members were often required to

12  incur such expenses, including for use of their personal cellular phones and data, in

13  performing their daily job duties and such expenses were necessary for performing

14  those duties. Other expenses may include but are not limited to: (1) office supplies; (2)

15  Internet service; and (3) mileage. Plaintiff and Rule 23 California Class Members were

16  not reimbursed for those lawful and necessary work-related expenses or losses incurred

17  in direct discharge of their job duties during employment with Defendants and at the

18  direction of the Defendants pursuant to Labor Code § 2802(a) and the applicable IWC

19  Wage Orders and sections of the California Code of Regulations.

20  136.   Defendants' knowing and willful failure to reimburse lawful necessary

21  work-related expenses and losses to Plaintiff and Rule 23 California Class Members

22  resulted in damages because, among other things, Defendants did not inform

23  employees of their right to be reimbursed for those work-related expenses. As

24  Defendants failed to inform and misled Plaintiff and Rule 23 California Class

25  Members with regard to their rights, Plaintiff and Rule 23 California Class Members

26  were led to believe that incurring those lawful and necessary expenses were an

27  expected and essential function of their employment with Defendants and that failure

28  to incur those expenses would have adverse consequences on their employment status.

CLASS AND COLLECTIVE ACTION COMPLAINT

137.    Therefore, Plaintiff and Rule 23 California Class Members are entitled to reimbursement for any and all necessary work-related expenses, as provided for in Labor Code § 2802(b), incurred during the direct discharge of their duties while employed by Defendants as well as accrued interest on those expenses that were not reimbursed from the date Plaintiff and the Class Members incurred those expenses. Further, Plaintiff and the Class Members are entitled to costs and attorney's fees pursuant to Labor Code § 2802(c).

## NINTH CAUSE OF ACTION

**FOR FAILURE TO PAY WAGES UPON TERMINATION OF EMPLOYMENT**

**[CALIFORNIA LABOR CODE §§ 201-203]**

**(Against All Defendants)**

138.    Plaintiff and Rule 23 California Class Members (and subclass) re-allege and incorporate by reference, as though fully set forth herein, the paragraphs previously alleged in this Complaint.

139.    Plaintiff and many Rule 23 California Class Members quit or were discharged from their employment with Defendants within the applicable statute of limitations.

140.    However, Defendants failed to pay them without abatement, all wages as defined by applicable California law. Among other things, these employees were not paid any compensation for off-the-clock work or the premium pay referred to in this Complaint. Defendants' failure to pay these wages within the required time was willful within the meaning of Labor Code § 203.

141.    Therefore, each of these employees is entitled to one day's wages for each day he or she was not timely paid all said wages due, up to a maximum of 30 days' wages for each employee. Because none of the employees were ever paid all earned overtime wages, to which they were entitled, and as referred to in this Complaint, each of these employees is entitled to up to 30 days' of wages.

///

///

CLASS AND COLLECTIVE ACTION COMPLAINT

## TENTH CAUSE OF ACTION

### FOR UNLAWFUL COMPETITION AND UNLAWFUL BUSINESS PRACTICES

### [CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200, *et seq.*]

### (Against All Defendants)

142.   Plaintiff and Rule 23 California Class Members (and subclass) re-allege and incorporate by reference, as though fully set forth herein, the paragraphs previously alleged in this Complaint.

143.   This claim is brought by Plaintiff, on behalf of himself and on behalf of the Rule 23 California Class and the subclasses thereof.

144.   At all times relevant hereto, from time to time, the Rule 23 California Class Members have worked as employees of Defendants. The representative Plaintiff herein and members of the Rule 23 California Class have had their hours adjusted, changed, underpaid, and/or modified to not reflect their actual number of hours worked per day and per pay period, including by Defendants' failure to pay for all off-the-clock hours worked at the appropriate rate of pay and by requiring off-the-clock work before and after work shifts.

145.   At all times relevant hereto, from time to time, Plaintiff and Rule 23 California Class Members have been denied meal and/or rest breaks by Defendants.

146.   Defendants, and each of them, are "persons" as defined under of Business & Professions Code § 17021.

147.   Since at least four years prior to the present Complaint filing and at all times relevant hereto, by and through the conduct described herein, Defendants have engaged in unfair, unlawful and fraudulent business practices, in violation of California Business & Professions Code §§ 17200, *et seq.*, and have thereby deprived Plaintiff, and all persons in interest, of fundamental rights and privileges guaranteed to all employees under California law.

148.   Defendants own, operate and manage facilities in California which provide services in California to the public as defined in Business & Professions Code §§ 17022 and 17024.

CLASS AND COLLECTIVE ACTION COMPLAINT

149. Defendants, as set forth in this Complaint, *supra*, engaged in false, unfair and misleading business practices, consisting of acts and omissions that include, but are not limited to:

(a)     The fact that Defendants adjusted, altered, underpaid and/or changed time and/or pay schedules to reflect that Class Members had not worked off-the-clock;

(b)     The fact that Defendants required non-exempt, hourly employees to work more than three and a-half hour shifts without a ten minute rest period;

(c)     The fact that Defendants required non-exempt, hourly employees to work more than 5 hours in a workday and/or who worked longer than 10 hours in a workday without timely, uninterrupted meal period(s) of at least 30 minutes;

(d)     The fact that Defendants kept no detailed records of non-exempt, hourly employees' actual daily work activities, in part, to prevent Plaintiff and Class Members from recovering overtime wages from Defendants after the discovery of Defendants' deceptive, fraudulent, false, unfair and unlawful conduct;

(e)     The fact that Defendants failed to pay all earned wages to Plaintiff and Class Members all hours worked;

(f)     The fact that Defendants failed to pay all earned wages to Plaintiff and Class Members twice monthly for all hours worked;

(g)     The fact that Defendants failed to pay all earned wages to Plaintiff and Rule 23 California Class Members upon termination of employment; and

(h)     The fact that Defendants' activities related to their failure to disclose material and relevant information constitutes violations of Business &

CLASS AND COLLECTIVE ACTION COMPLAINT

Professions Code § 17200.

150.    Defendants, and each of them, have underreported to state authorities, wages earned by non-exempt, hourly employees and, therefore, have underpaid state taxes, employer matching funds, unemployment premiums and Worker's Compensation premiums. The aforesaid conduct is criminal in nature and subjects the Defendants, and each of them, to sanctions, fines and imprisonment, and is actionable under of Business & Professions Code §§ 17000, *et seq.* and 17200, *et seq.*

151.    Pursuant to of Business & Professions Code §§ 17071 and 17075, the failure of Defendants, and each of them, to pay overtime wages, related benefits, and employment taxes, is admissible as evidence of Defendants' intent to violate Chapter 4 of the Unfair Business Trade Act.

152.    Defendants' practices are unlawful, unfair, deceptive, untrue, and misleading. Non-exempt, hourly employees, including Plaintiff and Class Members are likely to be deceived by these practices.

153.    As a direct and proximate result of these acts and omissions, Plaintiff, is informed and believes, and based upon that information and belief alleges, that the Defendants, and each of them, were able to unfairly compete with other facilities in the State of California by not paying overtime and wages in violation of Business & Professions Code Chapters 4 and 5, *et al*. Due to these unfair business practices, Defendants have been able to charge lower prices for their services than the prices charged by other comparable entities doing business in the State of California.

154.    The victims of these unfair business practices include, but are not limited to, all non-exempt, hourly employees of Defendants, competitors of Defendants in the State of California, and the general public.

155.    Plaintiff is informed and believes, and based upon that information and belief alleges, that Defendants, and each of them, performed the above-mentioned acts with the intent of gaining an unfair competitive advantage and thereby injuring Plaintiff, other employees, other competitors, and the general public.

CLASS AND COLLECTIVE ACTION COMPLAINT

156.    By and through the conduct described above, Plaintiff and all non-exempt, hourly employees have been deprived of the right to be paid all wages earned, including meal-and-rest premiums and overtime compensation earned by virtue of employment with the Defendants at regular intervals, in accordance with the requirements of Labor Code §§ 200-203, 204, 226.7, 1197, *et seq.*

157.    By and through their unfair, unlawful and/or fraudulent business practices described herein, Defendants, have obtained valuable property, money and services from Plaintiff, and all persons similarly situated, and has deprived Plaintiff, and all non-exempt, hourly employees of valuable rights and benefits guaranteed by law, all to their detriment.

158.    Plaintiff and Class Members have suffered injury-in-fact as a result of Defendants' conduct. Moreover, Plaintiff and Class Members have lost money as a direct result of Defendants' unfair, unlawful, deceptive and fraudulent conduct.

159.    All of the acts described herein as violations of, among other things, the FLSA, California Labor Code and Industrial Welfare Commission Wage Orders, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of California Business & Professions Code §§ 17200, *et seq.*

160.    Plaintiff, individually, and on behalf of Class Members, are entitled to, and do seek such relief as may be necessary to disgorge the profits which the Defendants have acquired, or of which Plaintiff has been deprived, by means of the above-described unfair, unlawful and/or fraudulent business practices.   Plaintiff, and Class Members, are not obligated to establish individual knowledge of the unfair practices of Defendants in order to recover restitution.

161.    Plaintiff, individually, and on behalf of Class Members, are further entitled to and do seek a declaration that the above-described business practices are unfair, unlawful and/or fraudulent, and injunctive relief restraining the Defendants, and each of them, from engaging in any of the above-described unfair, unlawful and/or fraudulent business

practices in the future.

162.    Plaintiff, individually, and on behalf of Class Members, have no plain, speedy, and/or adequate remedy at law to redress the injuries suffered as a consequence of the Defendants' unfair, unlawful and/or fraudulent business practices. As a result of the unfair, unlawful and/or fraudulent business practices described above, Plaintiff and Class Members have suffered and will continue to suffer irreparable harm unless the Defendants and each of them, are restrained from continuing to engage in said unfair, unlawful and/or fraudulent business practices.

163.    Plaintiff also alleges that if Defendants are not enjoined from the conduct set forth herein above, they will continue their failure to compensate non-exempt hourly employees for off-the-clock work. In addition, Defendants, and each of them, will continue to avoid paying the appropriate taxes, insurance and unemployment holdings.

164.    Plaintiff, individually, and on behalf of Class Members, request that the Court issue a preliminary and permanent injunction prohibiting Defendants, and each of them, from requiring non-exempt, hourly employees from working off-the-clock.

165.    Plaintiff, individually, and on behalf of Class Members, also request the Court order Defendants to disgorge all illegally obtained monies from failing to pay taxes, state disability insurance premiums, and unemployment taxes, obtained by way of their violation of Business & Professions Code § 17200, *et seq*.

166.    As Plaintiff seeks to enforce an important right affecting the public interest, to wit, and the disgorgement of ill-gotten gains and the restitution of unlawfully withheld wages, with interest thereon, Plaintiff requests an award of attorneys' fees, pursuant to Code of Civil Procedure § 1021.5.

## **PRAYER**

**WHEREFORE**, Plaintiff demands a jury trial and prays for judgment as follows:

### **ON THE FIRST CAUSE OF ACTION:**

(a)    For facilitated Notice under 29 USC § 216(b);

(b)    For compensation pursuant to FLSA 29 U.S.C. § 201, *et seq*.;

CLASS AND COLLECTIVE ACTION COMPLAINT

(c)     For conditional and final certification of the FLSA Collective Action;

(d)     For interest on any compensatory damages; and

(e)     For attorneys' fees, interest, and costs of suit pursuant to 29 U.S.C. § 216(b).

**ON THE SECOND CAUSE OF ACTION:**

(a)     For compensatory damages and/or statutory damages and statutory penalties resulting from improper compensation according to proof;

(b)     For interest on any compensatory damages;

(c)     For certification of the Rule 23 California Class defined herein, or such subclasses as the Court will certify; and

(d)     For attorneys' fees and costs.

**ON THE THIRD CAUSE OF ACTION:**

(a)     For compensatory damages and/or statutory damages and statutory penalties resulting from improper compensation according to proof;

(b)     For interest on any compensatory damages;

(c)     For certification of the Rule 23 California Class defined herein, or such subclasses as the Court will certify; and

(d)     For attorneys' fees and costs as allowed by law.

**ON THE FOURTH CAUSE OF ACTION:**

(a)     For statutory compensation, including one hour of pay for each workday that a lawful meal period was not provided;

(b)     For interest on any compensatory damages;

(c)     For certification of the Rule 23 California Class defined herein, or such other subclasses as the Court will certify; and

(d)     For attorneys' fees and costs as allowed by law.

**ON THE FIFTH CAUSE OF ACTION:**

(a)     For statutory compensation, including one hour of pay for each workday that a lawful rest period was not provided;

CLASS AND COLLECTIVE ACTION COMPLAINT

1         (b)    For interest on any compensatory damages;

2         (c)    For certification of the Rule 23 California Class defined herein, or such

3                 other subclasses as the Court will certify; and

4         (d)    For attorneys' fees and costs.

5    **ON THE SIXTH CAUSE OF ACTION:**

6         (a)    For statutory penalties;

7         (b)    For compensatory damages and interest thereon for actual harm caused;

8         (c)    For certification of the Rule 23 California Class defined herein, or such

9                 other subclasses as the Court will certify; and

10        (d)    For attorneys' fees and costs.

11   **ON THE SEVENTH CAUSE OF ACTION:**

12        (a)    For statutory penalties; and

13        (b)    For attorneys' fees and costs as allowed by law.

14   **ON THE EIGHTH CAUSE OF ACTION:**

15        (a)    For statutory penalties;

16        (b)    For penalty enhancements for willful conduct;

17        (c)    For certification of the Rule 23 California Class defined herein, or such

18                other subclasses as the Court will certify; and

19        (d)    For attorneys' fees and costs.

20   **ON THE NINTH CAUSE OF ACTION:**

21        (e)    For statutory penalties, including 30-days of pay for each employee not

22                timely paid wages upon termination;

23        (f)    For penalty enhancements for willful conduct;

24        (g)    For certification of the Rule 23 California Class defined herein, or such

25                other subclasses as the Court will certify; and

26        (h)    For attorneys' fees and costs.

27   ///

28   ///

-42-

CLASS AND COLLECTIVE ACTION COMPLAINT

**ON THE TENTH CAUSE OF ACTION:**

      (a)    For equitable, injunctive and declaratory relief;

      (b)    Treble damages;

      (c)    For certification of the Rule 23 California Class defined herein, or such other subclasses as the Court will certify; and

      (d)    For disgorgement of profits.

**ON ALL CAUSES OF ACTION:**

      (a)    For reasonable attorneys' fees;

      (b)    For costs of suit;

      (c)    For interest on any compensatory damages; and

      (d)    For such other and further relief as this Court may deem just and proper.

Dated: September 29, 2022        **QUINTILONE & ASSOCIATES**

By: _____

RICHARD E. QUINTILONE II,
JEFFREY T. GREEN
Attorneys for Plaintiff KEVIN
FLEMING, individually, and on behalf of
all other persons similarly situated,

-43-

CLASS AND COLLECTIVE ACTION COMPLAINT

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial of the claims by jury to the extent authorized by law.

Dated: September 29, 2022                 **QUINTILONE & ASSOCIATES**


By: _____

RICHARD E. QUINTILONE II,
JEFFREY T. GREEN
Attorneys for Plaintiff KEVIN
FLEMING, individually, and on behalf of
all other persons similarly situated,

CLASS AND COLLECTIVE ACTION COMPLAINT